IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN CHACON, individually and on behalf of all others similarly situated; and LEONARD BRADLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEBRASKA MEDICINE,<br><br>Defendant. | **8:21CV70**<br><br>**PRELIMINARY APPROVAL ORDER** |

This putative class action arises from an alleged data breach at defendant Nebraska Medicine ("Nebraska Medicine"). Plaintiffs John Chacon and Leonard Bradley (collectively, "Plaintiffs") filed suit, individually and on behalf of others similarly situated, "to obtain damages, restitution, and injunctive relief for" a proposed class of Nebraska Medicine patients whose personal and private information may have been impacted by the alleged data breach.

Before the Court is the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Filing No. 16). The Plaintiffs report they entered into a settlement agreement with Nebraska Medicine on May 25, 2021 ("Settlement Agreement"). Among other things, they ask the Court to conditionally certify the settlement class and grant preliminary approval of the Settlement Agreement and the related documents, including the proposed notice forms and claim form. Having carefully reviewed the Settlement Agreement, the supporting documents, and the balance of the record in this case, the Court finds the Plaintiffs' motion should be granted. Accordingly,

IT IS ORDERED:

## Preliminary Approval of Settlement Agreement

1.     Unless otherwise defined in this order, all capitalized terms have the meaning ascribed to them in the Settlement Agreement.

2.     This Court has jurisdiction over the Litigation, the Plaintiffs, all Settlement Class Members, all Credit Monitoring Subclass Members, Nebraska Medicine, and any party to any agreement that is part of or related to the settlement.

3.     The Court finds the proposed settlement set forth in the Settlement Agreement is sufficiently fair, reasonable, and adequate such that it is hereby preliminarily approved, and notice of the settlement should be provided to the Settlement Class as defined below and that a hearing should be held.

## Class Certification

4.     Solely for purposes of the settlement, the Court conditionally certifies the following class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) ("Settlement Class"):

> The approximately 125,902 persons who were mailed notification that their PII was potentially impacted as a result of the Data Incident that occurred between August 27, 2020 and September 20, 2020.

5.     Solely for purposes of the Settlement, the Court also conditionally certifies the following subclass pursuant to Rule 23(a) and (b)(3) ("Credit Monitoring Subclass"):

> The approximately 13,497 persons who were mailed notification that their Social Security and/or driver's license numbers were potentially accessed as a result of the Data Incident that occurred between August 27, 2020 and September 20, 2020.

6.     Excluded from the Settlement Class and Credit Monitoring Subclass are (i) Nebraska Medicine, the Related Entities, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement

Class; (iii) Judge Robert F. Rossiter and his staff and family; (iv) Magistrate Judge Cheryl R. Zwart and her staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

7.     Subject to final approval of the settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Rule 23(a) and (b), are satisfied in that

(a)     The Settlement Class "is so numerous that joinder of all members is impracticable";

(b)     "[T]here are questions of law or fact common to the" Settlement Class;

(c)     Plaintiffs and Class Counsel (as defined below) fairly and adequately represent the Settlement Class;

(d)     Plaintiffs' claims are typical of those of Settlement Class Members;

(e)     Common issues predominate over any individual issues affecting the members of the Settlement Class;

(f)     Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g)     Settlement of the action on a class-action basis is superior to other means of resolving this matter.

8.     The Court appoints Gary M. Klinger and David K. Lietz of Mason Lietz & Klinger LLP ("Class Counsel"), having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

9.     The Court hereby appoints Plaintiffs John Chacon and Leonard Bradley as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

**Notice to Settlement Class Members**

10.     The Court approves the notices of pendency and proposed settlement of class action (the "Settlement Notices"), and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in Section 3.2 of the Settlement Agreement ("Notice Plan") and attached as Exhibits A–C to the Settlement Agreement complies fully with the requirements of Rule 23 and due process of law, and is the best notice practicable under the circumstances.

11.     The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing (as defined below), comply fully with the requirements of Rule 23 and due process of law, and constitute the best notice practicable under the circumstances.

12.     No later than thirty (30) days from the date of this Preliminary Approval Order, Class Counsel shall cause the Claims Administrator to send the Short Notice to each Settlement Class Member via direct mail; and shall cause to be published the Long Notice available to the rest of the Settlement Class as stated in the proposed Notice Plan. At least fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file with the Court and serve on Nebraska Medicine a verification of compliance with the notice requirements.

13.     All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by Nebraska Medicine pursuant to the Settlement Agreement.

14.     The Settlement Notices satisfy the requirements of due process and of Rule 23(e) and thus are approved for dissemination to the Settlement Class.  The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Settlement Class Member that requests one.

**<u>Responses by Class Members and the Scheduling of a Final Approval Hearing</u>**

15.     Settlement Class Members may opt-out or object up to sixty (60) days from the date on which the notice program commences (the "Opt-Out Deadline").

16.     Any member of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written request for exclusion to Class Counsel and counsel for Nebraska Medicine on or before the close of the Opt-Out Deadline.  Members of the Settlement Class may not exclude themselves by filing requests for exclusion as a group or class but must in each instance individually and personally execute a request for exclusion.  All Settlement Class Members that exclude themselves from the Settlement Class will not be eligible to receive any benefits under the settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Nebraska Medicine.

17.     Any member of the Settlement Class that does not properly and timely request exclusion from the Settlement Class shall, upon entry of a final order and judgment, be bound by all the terms and provisions of the Settlement Agreement, whether or not such Settlement Class Member objected to the settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

18.     The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act of 2005 ("CAFA"):

| Event | Date |
|-------|------|
| Nebraska Medicine provides CAFA notice required by 28 U.S.C. § 1715(b). | Within 10 days after the filing of the motion. |
| Notice program commences. | Within 30 days after entry of Preliminary |

| | Approval Order. |
|---|---|
| Notice program concludes. | Within 45 days after entry of Preliminary Approval Order. |
| Compliance with CAFA waiting period under 28 U.S.C. § 1715(d). | 90 days after the appropriate governmental officials are served with CAFA notice. |
| Postmark deadline for request for exclusion (Opt-Out) or objections. | 60 days after commencement of notice program. |
| Postmark/filing deadline for filing claims. | 90 days after commencement of notice program. |
| Motion for Attorney Fees, Reimbursement of Expenses, and Incentive Awards filed by Class Counsel. | 14 days before the Objection Date. |
| Motion for Final Approval to be filed by Class Counsel. | 14 days before the Final Approval Hearing. |
| Final Approval Hearing. | September 15, 2021 at 9:00 a.m. |

19.   A hearing on the settlement (the "Final Approval Hearing") shall be held before this Court on September 15, 2021 at 9:00 a.m., Courtroom No. 4, of the Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska 68102.

20.   At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class settlement and whether the settlement should be granted final approval by the Court; (b) dismissal with prejudice of the action; (c) entry of an order including the release; (d) entry of the final approval order; and (e) entry of final judgment in this action. Class Counsel's application for award of attorneys' fees and costs, and request for the Court to award an incentive award to the named Plaintiffs, shall also be heard at the time of the hearing.

21.   The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class,

other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out Deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent order.

22.     Any person who or entity which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through their or its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

23.     Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed settlement. Any Settlement Class Member may object to, *inter alia*, (a) the proposed settlement, (b) entry of a final approval order and the judgment approving the settlement, (c) Class Counsel's application for fees and expenses, or (d) incentive award requests, by serving a written objection upon Class Counsel, Nebraska Medicine's counsel, and the Court.

24.     Any Settlement Class Member making the objection (an "Objector") must sign the objection personally or through the Objector's counsel. An objection must state why the Objector objects to the proposed settlement and provide the basis to support such position. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector and/or by the attorney representing the Objector to any class action settlement submitted to any state or federal court in the United States in the previous three (3) years.

25.     Objections, along with any notices of intent to appear, must be filed with the Court no later than sixty (60) days after the notice program commences. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify

each such Settlement Class Member, all of whom must have complied with the requirements of this order. The notice of objection shall be sent to (a) Class Counsel, (b) Nebraska Medicine's counsel, and (c) the Court. Such objection shall state: (i) the Objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the Objector as a Settlement Class Member, including proof that the Objector is a member of the Settlement Class (*e.g.*, copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the Objector believes applicable; (iv) the identity of any and all counsel representing the Objector in connection with the objection; (v) a statement whether the Objector and/or his or her counsel will appear at the Final Approval Hearing; (vi) the Objector's signature and the signature of the Objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the Objector and/or the Objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. No Objector may appear at the hearing unless the Objector indicates an intent to appear. These documents must be filed with the Clerk of Court electronically or at the address below and served concurrently with the counsel listed below:

**Clerk of Court**

111 South 18th Plaza
Suite 1152
Omaha, NE 68102

**Plaintiffs' Counsel**

Gary M. Klinger
**MASON, LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
(303) 429-2290
gklinger@masonllp.com

Gary E. Mason
David K. Lietz
**MASON, LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington DC 20016
(202) 429-2290
gmason@masonllp.com
dlietz@masonllp.com

**Nebraska Medicine's Counsel**

Casie D. Collignon
Matthew D. Pearson
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
(303) 764-0600
ccollignon@bakerlaw.com
mpearson@bakerlaw.com

26.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing.  Any Settlement Class Member that does not timely file and serve an objection in writing in accordance with the procedure set forth in the class notice and mandated in this order shall be deemed to have waived any objection to (a) the settlement; (b) the release; (c) entry of a final approval order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and (e) incentive award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

27.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

28.     Upon entry of a final order and judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Nebraska Medicine with respect to all of the Released Claims.

29.    Nebraska Medicine shall prepare and send, at Nebraska Medicine's expense, all notices that are required by CAFA as specified in 28 U.S.C. § 1715.  Class Counsel and counsel for Nebraska Medicine shall cooperate promptly and fully in the preparation of such notices, including providing Nebraska Medicine with any and all information in their possession necessary for the preparation of these notices.  Nebraska Medicine shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement.  Nebraska Medicine shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

## Administration of the Settlement

30.    The Court hereby appoints the claims administrator proposed by the parties, Heffler Claims Group (the "Claims Administrator").  Responsibilities of the Claims Administrator shall include the following: (a) establishing a post-office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the class; (c) developing a website to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to Claims Administration; and (e) distributing settlement checks to Settlement Class Members. Pursuant to the Settlement Agreement, the Claims Administrator and costs of Claims Administration shall be paid by Nebraska Medicine.

31.    In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Nebraska Medicine and any other Released Persons, and Nebraska Medicine and any other Released Persons shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Rule 23(a) and (b)(3) are not satisfied for purposes of

continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

32. Neither this order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Nebraska Medicine as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

Dated this 4th day of June 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge