IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN CHACON, individually and on behalf of all others similarly situated; and LEONARD BRADLEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>NEBRASKA MEDICINE,<br><br>    Defendant. | 8:21CV70<br><br>**FINAL ORDER AND JUDGMENT** |

  This matter is before the Court on plaintiffs John Chacon and Leonard Bradley's (collectively, "Plaintiffs" or "Settlement Class Representatives") Motion for Attorney Fees, Costs, and Service Awards (Filing No. 20) and Motion for Final Approval of Class Action Settlement (Filing No. 21). Both motions are unopposed.

  The Plaintiffs previously reported that they entered into a Settlement Agreement ("Settlement Agreement") with Defendant Nebraska Medicine ("Nebraska Medicine") on May 25, 2021 (Filing No. 17-2). On June 4, 2021, the Court entered an order (Filing No. 19) granting preliminary approval of the class-action settlement ("Settlement") between the Plaintiffs and Nebraska Medicine ("Preliminary Approval Order"). The Plaintiffs now request that the Court grant final approval of the Settlement as fair, reasonable, and adequate. They further maintain the fees, costs, and service awards they request are reasonable given the significant benefits they have obtained for members of the class. The Court held a hearing on the settlement and attorney-fee request ("Final Approval Hearing") on September 15, 2021. There were no objections.

  Having reviewed and considered the Settlement Agreement and the motion for final approval of the Settlement, as well as the fees motion, the preliminary-approval

motion, and all papers and pleadings on file in this matter, and having held a Final Approval Hearing, the Court makes the following findings and grants the relief below upon the terms and conditions set forth in this Final Order and Judgment. The Court's findings and conclusions are for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class.

Based on the foregoing,

IT IS ORDERED:

1. Plaintiffs John Chacon and Leonard Bradley's Motion for Attorney Fees, Costs, and Service Awards (Filing No. 20) and Motion for Final Approval of Class Action Settlement (Filing No. 21) are both granted.

2. The Settlement involves allegations in Plaintiffs' Class Action Complaint (Filing No. 1) that Nebraska Medicine failed to safeguard and protect the personally identifiable information and protected health information of its patients and that this alleged failure caused injuries to Plaintiffs and the Settlement Class.

3. The Settlement does not constitute an admission of liability by Nebraska Medicine, and the Court expressly does not make any finding of liability or wrongdoing by Nebraska Medicine.

4. Unless otherwise noted, words spelled in this Final Order and Judgment with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. Among other things, the Preliminary Approval Order (a) approved the notice to the Settlement Class, including approval of the form and manner of notice under the notice program set forth in the Settlement Agreement; (b) provisionally certified a

class in this matter, including defining the class, appointed Plaintiffs as the Settlement Class Representatives, and appointed Class Counsel; (c) preliminarily approved the Settlement; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing.

6. In the Preliminary Approval Order, the Court, pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) and for settlement purposes only, certified the Settlement Classes, defined as follows:

> **Settlement Class**:
> The approximately 125,106 persons who were mailed notification that their PII was potentially impacted as a result of the Data Incident that occurred between August 27, 2020 and September 20, 2020.[1]
>
> **Credit Monitoring Subclass**:
> The approximately 13,497 persons who were mailed notification that their Social Security and/or driver's license numbers were potentially accessed as a result of the Data Incident that occurred between August 27, 2020 and September 20, 2020.

7. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Rule 23(e), grants final approval of the Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate and meets the requirements of Rule 23.

8. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for the following:

    a.    A process for Settlement Class Members to submit claims for compensation that will be evaluated by a Claims Administrator

---

[1] While the parties originally estimated that the Settlement Class comprised of 125,902 individuals, upon receipt of the class list, the settlement administrator discovered numerous redundancies. After removing duplicates from the data, the class numbered 125,106. *See* Declaration of Brian Smitheman of Kroll Administration LLC in Support of Final Approval (Filing No. 21-2). The class definition from the Preliminary Approval Order has been changed to reflect this updated information.

    mutually agreed upon by Class Counsel and Nebraska Medicine and approved by this Court.

  b. Automatic provision of credit monitoring and identity theft restoration services to members of the Credit Monitoring Subclass.

  c. Nebraska Medicine to pay all notice and Claims Administration costs.

  d. Nebraska Medicine to pay a Court-approved amount for attorney fees, costs, and expenses of Class Counsel of $195,000.

  e. Nebraska Medicine to pay a service award of $2,000 to each of the named Plaintiffs.

  9. The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

  10. Notice of the Final Approval Hearing, the proposed motion for attorney fees, costs, and expenses, and the proposed service-award payment to the Plaintiffs have been provided to Settlement Class Members as directed by this Court's orders, and an affidavit or declaration of the settlement administrator's compliance with the notice program has been filed with the Court.

  11. The Court finds that such notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).

  12. As of the final date of the opt-out period, three potential Settlement Class Members have submitted a valid opt-out request to be excluded from the Settlement.

Those persons—Jeffrey Markt, Marc Touchton, and Michelle Vulgamott—are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. Pursuant to the Settlement Agreement, Nebraska Medicine, the Claims Administrator, and the Claims Referee shall implement the Settlement in the manner and time frame as set forth therein.

15. Pursuant to the Settlement Agreement, Plaintiffs, and the Settlement Class Members release claims against Nebraska Medicine and all Released Persons, as defined in the Settlement Agreement, as follows:

> any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45 *et seq.*, and all similar statutes in effect in any states in the United States; violations of the Nebraska and similar state consumer protection statutes; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorney fees and expenses, pre-judgment interest, credit-monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the

Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Settlement Agreement and shall not include the claims of those persons identified in this Final Order and Judgment as having timely and validly requested exclusion from the Settlement Class.

16. On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, the Plaintiffs and each Settlement Class Member, will be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims.

17. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

18. In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk of Court is directed to file this Final Order and Judgment as the final judgment in this matter.

Dated this 15th day of September 2021.

BY THE COURT:

*[signature]*

Robert F. Rossiter, Jr.
Chief United States District Judge